UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24491-CIV-MARTINEZ/AOR

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

v.

LAS VISTAS AT DORAL CONDOMINIUM
ASSOCIATION, INC., *et al.*

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following submissions:

1. Defendant Las Vistas at Doral Condominium Association, Inc.'s ("Las Vistas") Bill of Costs [D.E. 49] and Memorandum in Support of Bill of Costs [D.E. 50] (hereafter, "Motion for Costs"); and

2. Defendant Las Vistas' Verified Motion for an Award of Attorneys' Fees (hereafter, "Motion for Fees") [D.E. 51].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 52]. Upon review of these matters, the undersigned respectfully recommends that the Motion for Costs be GRANTED, and the Motion for Fees be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 30, 2019, Plaintiff Mt. Hawley Insurance Company ("Plaintiff") filed a one-count Complaint [D.E. 1] against Defendants Las Vistas and Gisella Thomas ("Thomas"), seeking a declaratory judgment that it had no duty to defend or indemnify Las Vistas for the claims brought by Thomas for personal injuries allegedly suffered by her in an underlying lawsuit pending in the

Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 19-008935. See Complaint [D.E. 1].[1]

On July 10, 2020, Plaintiff filed a Notice of Mootness [D.E. 39], stating that the parties had resolved this matter, and that "[t]he only issue that remains in this case is the amount of attorney's fees and costs reasonably and necessarily incurred" by Las Vistas. Id. at 2 (emphasis in original).

On July 15, 2020 the Court issued an Order on Notice of Settlement [D.E. 41], requiring the parties to file a Notice of Dismissal. On October 22, 2020 Defendant Las Vistas filed its Motion for Final Order of Dismissal with Prejudice ("Motion for Final Order of Dismissal") [D.E. 48], requesting that the Court dismiss the case with prejudice and reserve jurisdiction to determine the amount of attorneys' fees to which Las Vistas is entitled; and on November 11, 2020, Plaintiff responded by joining Las Vistas' request. See Plaintiff's Response to Las Vistas' Motion for Final Order of Dismissal [D.E. 53].

On October 22, 2020, contemporaneously to filing its Motion for Final Order of Dismissal, Las Vistas filed its Motion for Costs, seeking $60.00, and its Motion for Fees, seeking $66,138.00. See Motion for Costs [D.E. 49 at 1]; Motion for Fees [D.E. 51 at 5].

On November 11, 2020, Plaintiff filed its Response in Opposition to Las Vistas' Motion for Fees (hereafter, "Response") [D.E. 54].[2] In its Response, Plaintiff did not challenge Las Vistas' entitlement to attorneys' fees, but objected to the amount of fees sought by Las Vistas, arguing that the hourly rates sought by counsel were not reasonable for an insurance case in this district, and that the number of hours expended by counsel was excessive. Id. at 2-3, 6.

On November 12, 2020, Las Vistas filed its Reply in Support of its Motion for Fees (hereafter, "Reply") [D.E. 55].

---

[1] On December 6, 2019, the Clerk entered a default against Thomas [D.E. 14].
[2] Plaintiff did not oppose the Motion for Costs.

On March 11, 2021, the Court entered an Order of Dismissal [D.E. 58], which dismissed the case with prejudice and reserved jurisdiction to determine attorneys' fees and costs.

## DISCUSSION

1. **Motion for Costs [D.E. 49]**

As noted above, Plaintiff did not file a response in opposition to the Motion for Costs. Moreover, the undersigned finds that the costs sought by Las Vistas, consisting of $60.00 for service of subpoenas, are reasonable and taxable pursuant to 28 U.S.C. § 1920. Therefore, the undersigned recommends that the Motion for Costs be granted, and Las Vistas be awarded $60.00 in taxable costs.

2. **Motion for Fees [D.E. 51]**

Las Vistas' fee request is composed of the following items:

| Timekeeper | Hours | Rate ($/hour) 2019/2020 | Total ($) |
|---|---|---|---|
| Michael C. Foster ("Attorney Foster") Partner | 10.5 58.2 | 525.00 560.00 | 5,512.50 32,592.00 |
| Nicola A. Gelormino ("Attorney Gelormino") Associate | 2.8 | 425.00 | 1,190.00 |
| Yasbel Perez ("Attorney Perez") Associate | 7.3 70.7 | 315.00 335.00 | 2,299.50 23,684.50 |
| Cristina H. Patterson ("Paralegal Patterson") Paralegal | 1.0 2.7 | 225.00 235.00 | 225.00 634.50 |
| **Requested Total** | **153.2** | | **66,138.00** |

See Motion for Fees [D.E. 51 at 6].

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this

3

calculation is known as the lodestar. Key W. Tourist Dev. Ass'n v. Zazzle, Inc., No. 10-CV-10100, 2013 WL 12248141, at *5 (S.D. Fla. 2013).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  However, the "[C]ourt . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

### i. *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895–96 (1984)).  "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).

In support of its Motion for Fees, Las Vistas has submitted the Certification of Attorney Foster, in which he attests that the hourly rates charged are reasonable, and that the time incurred for each task reflected on the timesheet attached at Exhibit 1 was reasonable. See Motion for Costs [D.E. 51 at 11-12]; Timesheet [D.E. 51-1].  Attorney Foster has 25 years of experience, Attorney Gelormino has 9 years of experience, Attorney Perez has 2 years of experience, and Paralegal Patterson has 9 years of experience.  Id. at 6.  As shown in the chart above, Las Vistas seeks $66,138.00 in attorneys' fees, consisting of 153.2 billable hours.

Las Vistas argues that the "blended hourly rate" of $432.00 per hour, which it calculated

by dividing the total amount of fees requested by the total number of hours performed by all timekeepers, is reasonable for attorneys of similar experience. See Motion for Fees [D.E. 51 at 9]. Las Vistas further argues that the Court recently awarded the equivalent of a blended hourly rate of $366.00 to its counsel in a similar case. See Mt. Hawley Ins. Co. v. Roebuck, 17-CV-80213, 2020 WL 5664949 at *3 (S.D. Fla. Sept. 2, 2020) (aff'd and adopted by 2020 WL 5658719 (S.D. Fla. Sept. 23, 2020)). Las Vistas' blended rate argument is inapposite, given that, in Roebuck, the Court's fee award was wholly based on individual timekeepers' hourly rates of $375.00 per hour for Attorney Foster, $375.00 per hour for Attorney Gelormino, $335.00 per hour for Attorney Perez, and $235.00 per hour for Paralegal Patterson. Id. Moreover, Las Vistas' calculation of the blended hourly rate in Roebuck appears to include the higher hourly rate of $430.00 awarded to an appellate attorney who is not a timekeeper in this case. Id. at *6.

In its Response, Plaintiff argues that a partner rate of $325.00 per hour, an associate rate of $250.00 per hour, and a paralegal rate of $75.00 per hour was recently determined to be appropriate for an insurance case in the South Florida legal market in Brickell E. Condo. Ass'n, Inc. v. Indian Harbor Ins. Co., No. 18-24791-CIV, 2020 WL 869725, at *5 (S.D. Fla. Jan. 10, 2020). See Response [D.E. 54 at 4]. However, Brickell E. Condo. Ass'n, Inc. is distinguishable because the Court was determining a quantum meruit award to attorneys who had been representing the plaintiff on a contingency fee basis and were terminated without cause, which involved different considerations than an award of fees to a prevailing party. Id. at 3. Plaintiff also filed the Affidavit of Ryan K. Hilton, Counsel for Plaintiff, in Support of Mt. Hawley's Objection to Defendant Las Vistas' Attorneys' Hourly Rates (hereafter, "Hilton Affidavit") [D.E. 56], in which Plaintiff's counsel states that their rates for work on this case are as follows: $220.00 per hour for partner, $185.00 per hour for associate, and $95.00 per hour for paralegal. Id. at 1. Plaintiff also disagrees

5

with the rates awarded to Las Vistas' counsel in Roebuck, and further argues that the steep increase in the hourly rate sought by Attorney Foster, from $375.00 per hour in Roebuck to $560.00 per hour in this case, is unjustified in such a short time period. See Response [D.E. 54 at 5].

In its Reply, Las Vistas reasserts its blended rate argument, which the undersigned has found inapposite. See Reply [D.E. 55 at 4].

Based on the foregoing considerations and applying her own experience and knowledge of the matter, the undersigned concludes that the following rates are reasonable for the skills and qualifications of the following timekeepers: $400 per hour for Attorney Foster, $350 per hour for Attorney Gelormino, $300 per hour for Attorney Perez, and $100 per hour for Paralegal Patterson.

This results in the following adjusted computations:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Attorney Foster | 68.7 | 400.00 | 27,480.00 |
| Attorney Gelormino | 2.8 | 350.00 | 980.00 |
| Attorney Perez | 78.0 | 300.00 | 23,400.00 |
| Paralegal Henkel | 3.7 | 100.00 | 370.00 |
| **Adjusted Total** | **153.2** | | **52,230.00** |

ii. *Number of Hours Expended*

Having determined the reasonable hourly rates of the timekeepers, the Court must determine the reasonableness of the number of hours spent. Norman, 836. F.2d at 1302. "A fee applicant must set out the general subject matter of the time expended by the attorney 'with sufficient particularity so that the court can assess the time claimed for each activity.'" Diaz v. Solmar Rest., Inc., No. 08-21379-CIV, 2009 WL 10667781, at *4 (S.D. Fla. Aug. 7, 2009) (quoting Norman, 836 F.2d at 1303). "Excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed." Eckerhart, 461 U.S. 424, 434 (1983). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that

excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).

In its Response, Plaintiff challenges nearly all of Las Vistas' attorneys' time entries based on the following grounds: the time entries were heavily redacted; counsel billed excessively for routine activities; counsel billed for matters relating to the underlying state court case; counsel billed for clerical tasks; and counsel seeks fees incurred after July 6, 2020, the date when Plaintiff conceded to Las Vistas' entitlement to attorneys' fees by email. See Response [D.E. 54 at 6-16].

Having reviewed the time entries submitted by Las Vistas in this action, the undersigned finds that approximately one-third of them are heavily redacted in a way that makes it impossible to discern what work was being performed or whether the time expended was reasonable. Therefore, applying her own knowledge and experience concerning reasonable and proper fees, the undersigned concludes that a concomitant 33% reduction to the fees request is appropriate. See Capdevila v. S. Miami Rehab., Inc., No. 11-24005-CIV, 2012 WL 13134212, at *2 (S.D. Fla. Dec. 5, 2012) (citing Norman, 836 F.2d at 1303) ("As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees.").

Accordingly, the undersigned recommends that a 33% reduction be applied to the $52,230.00 adjusted total fee amount computed above, and that Las Vistas be awarded the sum of **$34,991.10** as fees in this action.

## RECOMMENDATION

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Las Vistas' Motion for Costs [D.E. 49] be GRANTED; that Las Vistas' Motion for Fees [D.E.

51] be GRANTED IN PART; and that Las Vistas be awarded **$34,991.10** in attorneys' fees plus **$60.00** in taxable costs for a total award of **$35,051.10**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 19th day of March, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record